IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Emigio Roman Azura-Campos, ) | C/A No.: 5:12-204-TLW-KDW |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | REPORT AND RECOMMENDATION |
| Kenneth Atkinson, Warden, ) | |
| ) | |
| Respondent. ) | |
| ) | |
| ) | |
| ) | |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 has been submitted to the court pro se by a federal prison inmate. Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

## BACKGROUND INFORMATION

Petitioner is a federal inmate currently incarcerated at FCI-Edgefield, in Edgefield, South Carolina. He seeks to vacate a 46-month sentence entered on April 13, 2010 by the United States District Court for the Southern District of Texas upon his guilty plea to one count of re-entering the country following deportation. *See United States v. Azua-Campos*, Criminal Action No. 7:09-cr-1593-1 (S.D. Tex.). In the Petition submitted in this case, Petitioner claims that his trial counsel was ineffective for several reasons, and that he was prejudiced by the ineffectiveness because of his inability to speak and understand English.

In his Petition and in his Answers to the Court's Special Interrogatories (ECF Nos. 1, 11), Petitioner admits that he did not file a direct appeal from his conviction and sentence with the Fifth Circuit Court of Appeals or a motion pursuant to 28 U.S.C. § 2255 to vacate the sentence in the sentencing court within one year from the time the conviction became final. ECF No. 11. When asked why he did not file those available remedies for review of his conviction and sentence, Petitioner again claims inability to do so because he did not understand how to do so because "he is a layman, English illiterate." *Id*. at 1 & 2. Review of the docket of his criminal case discloses Petitioner has a motion to modify his sentence pending, but that motion is not based on the same allegations of ineffective assistance of counsel he raises in this case. ECF No. 25 in *United States v. Azua-Campos*, Criminal Action No. 7:09-cr-1593-1 (S.D. Tex.).

In this § 2241 Petition, Petitioner asserts that this court should consider his ineffective assistance of counsel claims because the § 2255 remedy is ineffective and inadequate to test the constitutionality of his confinement. He alleges that he was prevented from filing a § 2255 motion within the one-year time limit because his court-appointed trial counsel failed to provide him with the records from his prosecution that were necessary for the preparation of the motion in a timely fashion. Some of the attachments to his pleadings support his assertions that he unsuccessfully tried to get in contact with his trial counsel during the one-year period during which he could have filed a timely § 2255 motion in the sentencing court. However, there is no indication that Petitioner ever presented this argument (that his trial counsel refused to communicate and provide him with necessary documentation) to the sentencing court or to the Fifth Circuit in an effort to file a belated § 2255 motion.

**INITIAL REVIEW**

Under established local procedure in this judicial district, the court has carefully reviewed Plaintiff's pro se Complaint. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996 (PLRA), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). The requirement of liberal construction does not mean the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (noting requirement of liberal construction does not mean court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States

District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, the Petition submitted in this case should be summarily dismissed.

## **DISCUSSION**

The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in this case should be dismissed because all of Petitioner's claims are cognizable only under 28 U.S.C. § 2255, not under 28 U.S.C. § 2241, and Petitioner has not shown that his is an exceptional case in which the § 2255 remedy is/was inadequate or ineffective. Prior to enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See Triestman v. United States*, 124 F.3d 361, 373 (2d Cir. 1997). In 1948, Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. In doing so, Congress did not completely foreclose the use of § 2241 as a remedy for federal prisoners. Section 2241 remains an option whenever a § 2255 motion is "inadequate or ineffective" to test the legality of a prisoner's detention. *See In re Dorsainvil*, 119 F.3d 245, 249 (3d Cir. 1997).

Although Section 2241 has been found to be a valid review mechanism in limited situations since § 2255's passage, none of those situations is present here. For example, § 2241 has been found available to provide the district court with subject-matter jurisdiction in actions challenging the administration of parole, *see Doganiere v. United States*, 914 F.2d 165, 169-70 (9th Cir. 1990); the computation of good-time or jail-time credits, *see McClain v. United States Bureau of Prisons*, 9 F.3d 503, 504-05 (6th Cir. 1993); prison disciplinary actions, *see United States v. Harris*, 12 F.3d 735, 736 (7th Cir. 1994); and length of imprisonment allegedly beyond the expiration of a sentence,

4

*see Atehortua v. Kindt*, 951 F.2d 126, 129-30 (7th Cir. 1991). Essentially, § 2241 is an appropriate basis for a habeas petition when a prisoner challenges the manner of execution of his/her sentence, but it is not generally available when the underlying validity of the conviction and sentence is being challenged. *See Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (collecting cases from other circuits). A petition for habeas corpus under § 2241, in contrast to a motion under § 2255, is the remedy to challenge federal confinement that is not pursuant to a sentence of a federal court, the unlawful execution of a valid sentence, or confinement beyond its term. *See Atehortua v. Kindt*, 951 F.2d at 129-30.

Petitioner's allegations about the alleged ineffective assistance he received from his trial attorney in connection with his guilty plea go to the underlying validity of his conviction and sentence rather than to the manner of execution of the sentence. Such matters are not properly considered under § 2241 unless Petitioner falls within the "savings clause" of § 2255. He may only be covered by that clause if he can show his is an exceptional case in which 28 U.S.C. § 2255 is neither an adequate nor effective remedy for those issues. *See In re Vial,* 115 F.3d 1192, 1194-95 (4th Cir. 1977); *Tanksley v. Warden*, No. 99-4391, 2000 WL 1140751(6th Cir. Aug. 08, 2000); *Gonzales v. Snyder*, No. 00-1095, 2000 WL 636908 (8th Cir. May 18, 2000); *Elzie v. Pugh*, No. 99-1002, 1999 WL 734453 (10th Cir. Sept. 21, 1999).

Petitioner claims ineffectiveness and inadequacy of the § 2255 remedy because he is "English illiterate" and was allegedly unable to obtain the required documentation from his trial attorney in order to file a § 2255 motion in the trial court before the one-year time limitation ran in his case. ECF No. 11 at 1-2. In essence, Petitioner claims that, by the time he obtained the documents he needed to file this § 2241 petition, the § 2255 remedy would be inadequate or

5

ineffective because a § 2255 motion would be considered untimely by the trial court. However, review of the docket of his criminal case indicates that he has never attempted to file a § 2255 motion, even though he could have done so and could have sought equitable tolling of the limitations period. *See, e. g.*, *United States v. Sosa*, 364 F.3d 507, 512-13 (4th Cir. 2004) (discussing equitable tolling under § 2255); *United States v. Patterson*, 211 F.3d 927, 930-32 (5th Cir. 2000) (same). The court makes no conclusion as to whether equitable tolling would be available to Petitioner; however, when considering whether the "savings clause" applies to a § 2241 petition, Fourth Circuit law provides that the possibility that a § 2255 motion filed by Petitioner in the Southern District of Texas might be found untimely does not render the § 2255 remedy inadequate or ineffective. *See In Re Vial*, 115 F.3d at 1194 n.5; *see also Jiminian v. Nash*, 245 F.3d 144, 147-48 (2d Cir. 2001) (collecting cases). Petitioner cannot claim that the § 2255 remedy is "inadequate or ineffective" in his case because he has not attempted to file a § 2255 motion with the sentencing court in order to properly raise the issues of conviction/sentence invalidity he seeks to raise here. Had he done so, if the sentencing court refused to apply equitable tolling to his filing, he would still have an appeal from that decision to the Fifth Circuit Court of Appeals. Petitioner has not attempted to raise his issues before the proper tribunals, and he cannot show his case is so exceptional that § 2241 should be used to test the continued validity of his confinement. Rather, Petitioner's failure to pursue available and appropriate statutory procedures to have his arguments considered in the proper forum indicates he may have filed his § 2241 Petition was filed in an attempt to circumvent the requirements of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("the AEDPA"), which the court will not permit.

## RECOMMENDATION

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice*.

IT IS SO RECOMMENDED.

*Kaymani D. West*

April 12, 2012  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503